Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| LUIS HIRAM QUIÑONES SANTIAGO<br><br>Recurrente<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br>Recurridos | KLRA202400569 | *Revisión Administrativa* Procedente del Departamento de Corrección y Rehabilitación<br><br>Caso Núm.:<br>GMA1000-200-24<br>GMA1000-232-24<br><br><br>Sobre:<br><br>Solicitud de Remedios Administrativos |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

**Rivera Pérez, Jueza Ponente**

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de octubre de 2024.

Comparece ante nosotros el Sr. Luis Hiram Quiñones Santiago (en adelante, Sr. Quiñones Santiago) y solicita la revisión de las determinaciones emitidas el 5 y 14 de agosto de 2024 por la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación, denegando su solicitud de una prensa de planchado.

Por los fundamentos que expondremos, se confirma la determinación recurrida.

**I.**

El 11 de junio de 2024, el Sr. Quiñones Santiago presentó la *Solicitud de Remedio Administrativo* GMA 1000-200-24 ante la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación.[1] En dicha solicitud, el Sr. Quiñones Santiago solicitó una prensa de planchado, argumentando que los

---

[1] Anejo 5 del recurso de revisión.

Número Identificador

SEN 2024_____

reglamentos de la institución requerían que los confinados mantuvieran una apariencia presentable, lo que, según él, implicaba que su uniforme debía estar planchado.

El 6 de julio de 2024, el Sr. Quiñones Santiago reiteró su solicitud mediante la *Solicitud de Remedio Administrativo* GMA 1000-232-24.[2]

El 5 de agosto de 2024, la División de Remedios Administrativos emitió una *Respuesta del Área Concernida/Superintendente*, denegando la solicitud GMA 1000-200-24.[3] En el dictamen, se dispuso lo siguiente:

> "Actualmente nuestra institución no cuenta con (prensas) para el planchado. Se realizaron las gestiones para poder instalar una[,] pero hasta el momento no hemos recibido contestación."

El 14 de agosto de 2024, la División de Remedios Administrativos emitió una *Respuesta del Área Concernida/Superintendente*, denegando la solicitud GMA 1000-232-24 por los mismos fundamentos.[4]

El 12 de septiembre de 2024, el Sr. Quiñones Santiago solicitó la reconsideración de ambas determinaciones.[5]

El 26 de septiembre de 2024, la División de Remedios Administrativos emitió dos dictámenes, mediante los cuales denegó las solicitudes de reconsideración de los casos GMA 1000-232-24 y GMA 1000-200-24.[6] En ambos dictámenes, se señaló que el área de la superintendencia le había informado al Sr. Quiñones Santiago que la institución no contaba con una prensa de planchado.

En desacuerdo con estas determinaciones, el Sr. Quiñones Santiago acudió ante nosotros el 11 de octubre de 2024 mediante el presente recurso de revisión. Además, presentó una *Solicitud y*

---

[2] Anejo 1 del recurso de revisión.
[3] Anejo 6 del recurso de revisión.
[4] Anejo 2 del recurso de revisión.
[5] Anejo 3 y 7 del recurso de revisión.
[6] Anejo 4 y 8 del recurso de revisión.

*Declaración para que se Exima de Pago de Arancel por Razón de Indigencia.* El único señalamiento de error es el siguiente:

> Erró el Departamento de Corrección y Rehabilitación al no cumplir con sus mismas reglamentaciones y manuales y reparar las prensas o de ser necesario remplazarlas por unas que estén en buenas condiciones o nuevas.

El 18 de octubre de 2024, emitimos *Resolución* concediéndole al Procurador General un término hasta el 29 de octubre de 2024 para exponer su posición respecto al recurso y para presentar copia certificada del expediente administrativo de los Casos Núm. GMA-1000-200-24 y GMA-1000-232-24. Además, declaramos Ha Lugar la *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia* y No Ha Lugar la solicitud de abogado de oficio, debido a que no concurrían las circunstancias necesarias para conceder la solicitud.

El 29 de octubre de 2024, el Departamento de Corrección, representado por la Oficina del Procurador General, presentó un *Escrito en Cumplimiento de Orden y Solicitud de Desestimación.* En su escrito, el procurador nos solicita la desestimación del presente recurso de revisión, argumentando que no procede en derecho la revisión de dos determinaciones administrativas en un mismo recurso. Por otra parte, alega que la solicitud del Sr. Quiñones Santiago tampoco procede en derecho por no existir una disposición legal que obligue al Departamento de Corrección proveer una prensa de planchado o planchar los uniformes de los confinados.

## II.

### A.

El Reglamento para Atender las Solicitudes de Remedios Administrativos Radicadas por los Miembros de la Población Correccional ("Reglamento de Remedios Administrativos"), Reglamento Núm. 8583 de 4 de mayo de 2015, fue promulgado al amparo de la ley federal conocida como el *Civil Rights of*

*Institutionalized Person Act,* 42 USC 1997, *et seq.*, para canalizar efectivamente los reclamos de la población correccional. Su fin es que la población correccional "disponga de un organismo administrativo, en primera instancia, ante el cual pueda presentar una solicitud de remedio", para "minimizar las diferencias entre los miembros de la población correccional y el personal y para evitar o reducir la radicación de pleitos en los Tribunales de Justicia". Véase, Introducción del Reglamento de Remedios Administrativos, *supra.* Además, este Reglamento fue promulgado al amparo de la Ley de Procedimiento Administrativo Uniforme, *infra.*

El Reglamento de Remedios Administrativos, *supra*, define una *Solicitud de Remedio* como un "[r]ecurso que presenta un miembro de la población correccional por escrito, de una situación que afecta su calidad de vida y seguridad, relacionado con su confinamiento". *Íd.*, Regla IV (24).

Respecto a la jurisdicción, el Reglamento de Remedios Administrativos, *supra*, establece que la División de Remedios Administrativos tendrá jurisdicción para atender toda solicitud de remedio radicada por los miembros de la población correccional en cualquier institución o facilidad correccional donde se encuentre extinguiendo sentencia y que esté relacionada directa o indirectamente con lo siguiente:

> "a. Actos o incidentes que afecten personalmente al miembro de la población correccional en su bienestar físico, mental, en su seguridad o en su plan institucional.
>
> b. Cualquier incidente o reclamación comprendida bajo las disposiciones de este Reglamento.
>
> c. Cuando el superintendente impone la suspensión de privilegios sin celebración de vista alguna, conforme a la reglamentación vigente sobre la "Suspensión de Privilegios por Razones de Seguridad".
>
> d. Alegaciones de violencia sexual por parte de un miembro de la población correccional." *Íd.*, Regla VI (1).

**B.**

La revisión judicial de las decisiones administrativas tiene como fin delimitar la discreción de los organismos administrativos, para asegurar que ejerzan sus funciones conforme la ley y de forma razonable. *Unlimited v. Mun. de Guaynabo*, 183 DPR 947, 965 (2011); *Empresas Ferré v. A.R.Pe.*, 172 DPR 254, 264 (2007). A esos efectos, la revisión judicial comprende tres aspectos: la concesión del remedio apropiado, la revisión de las determinaciones de hecho conforme al criterio de evidencia sustancial, y la revisión completa de las conclusiones de derecho. *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 217 (2012), citando a *Asoc. Fcias v. Caribe Specialty et al. II*, 179 DPR 923, 940 (2010); *Mun. de. San Juan v. J.C.A.*, 149 DPR 263, 279-280 (1999).

En cuanto al alcance de la revisión judicial en las determinaciones administrativas, los dictámenes de los organismos administrativos merecen la mayor deferencia judicial. *Pérez López v. Depto. Corrección*, 208 DPR 656, 674 (2022); *DACO v. Toys "R" Us*, 191 DPR 760, 764 (2014). Véase, además, *The Sembler Co. v. Mun. de Carolina*, 185 DPR 800, 821, (2012); *Torres Santiago v. Depto. Justicia*, 181 DPR 969, 1002 (2011); *Vélez v. A.R.Pe.*, 167 DPR 684, 693 (2006); *San Vicente v. Policía de P.R.*, 142 DPR 1 (1996). Esto es así, pues, son las agencias administrativas con la vasta experiencia y el conocimiento especializado para atender los asuntos que se le encomiendan. *Mun. San Juan v. Plaza Las Américas*, 169 DPR 310, 323 (2006). Por tal razón, el alcance de la revisión judicial a una determinación final de una agencia administrativa se limitará a "determinar si la agencia actuó arbitraria, ilegal o irrazonablemente en abuso a su discreción". *Pérez López v. Depto. Corrección*, supra, en la pág. 673.

Sobre las determinaciones de hechos, el Tribunal Supremo ha establecido que las determinaciones de hechos de las decisiones de

las agencias serán sostenidas por el tribunal, si se basan en evidencia sustancial que surja del expediente administrativo considerado en su totalidad. *Batista, Nobbe v. Jta. Directores,* supra, pág. 216, citando a *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 511-512 (2011); *Domínguez v. Caguas Expressway Motors*, 148 DPR 387, 397-398 (1999). La evidencia sustancial es "aquella evidencia relevante que una mente razonable podría aceptar como adecuada para sostener una conclusión". *Íd.*, citando a *Pereira Suárez v. Jta. Dir. Cond.*, supra*; Otero v. Toyota,* 163 DPR 716, 728 (2005). Dicho análisis requiere que la evidencia sea considerada en su totalidad, esto es, tanto la que sostenga la decisión administrativa como la que menoscabe el peso que la agencia le haya conferido. *Assoc. Ins. Agencies, Inc. v. Com. Seg. P.R.*, 144 DPR 425, 437 (1997). Ello implica que, de existir un conflicto razonable en la prueba, debe respetarse la apreciación de la agencia. *Hilton Hotels v. Junta Salario Mínimo,* 74 DPR 670, 687 (1953).

Debido a la presunción de regularidad y corrección de los procedimientos y las decisiones de las agencias administrativas, quien alegue ausencia de evidencia sustancial tendrá que presentar prueba suficiente para derrotar esta presunción, no pudiendo descansar en meras alegaciones. *Pacheco v. Estancias,* 160 DPR 409, 431 (2003). Para ello, deberá demostrar que existe otra prueba en el expediente, que reduzca o menoscabe el valor probatorio de la evidencia impugnada, hasta el punto de que no se pueda concluir que la determinación de la agencia fue razonable de acuerdo con la totalidad de la prueba que tuvo ante su consideración. *Gutiérrez Vázquez v. Hernández y otros,* 172 DPR 232, 245 (2007).

Si la parte afectada no demuestra la existencia de otra prueba que sostenga que la actuación de la agencia no está basada en evidencia sustancial o que reduzca o menoscabe el valor de la evidencia impugnada, el tribunal respetará las determinaciones de

hecho y no sustituirá el criterio de la agencia por el suyo. *Otero v. Toyota*, supra.

En cambio, las conclusiones de derecho son revisables en todos sus aspectos. *García Reyes v. Cruz Auto corp.*, 173 DPR 870, 894 (2008). De esta manera, los tribunales, al realizar su función revisora, están compelidos a considerar la especialización y la experiencia de la agencia con respecto a las leyes y reglamentos que administra. *Asoc. Vec. H. San Jorge v. U. Med. Corp.*, 150 DPR 70, 75-76 (2000). Así pues, si el punto de derecho no conlleva interpretación dentro del marco de la especialidad de la agencia, entonces el mismo es revisable sin limitación. *Rivera v. A & C Development Corp.*, 144 DPR 450, 461 (1997).

Sin embargo, aun cuando el tribunal tiene facultad para revisar en todos sus aspectos las conclusiones de derecho de una agencia, se ha establecido que ello no implica que los tribunales revisores tienen la libertad absoluta para descartarlas libremente. *López Borges v. Adm. Corrección*, 185 DPR 603, 626 (2012); *Federation Des Ind. v. Ebel*, 172 DPR 615, 648 (2007).

Si del análisis realizado se desprende que la interpretación que hace una agencia de su reglamento o de la ley que viene llamada a poner en vigor resulta razonable, el tribunal debe abstenerse de intervenir. *Cruz v. Administración*, 164 DPR 341, 357 (2005).

**III.**

En su recurso de revisión, el Sr. Quiñones Santiago argumenta que el Departamento de Corrección y Rehabilitación no ha cumplido con sus propios reglamentos y manuales al no reparar las prensas de planchado o, en su defecto, reemplazarlas por equipos en buenas condiciones o nuevos.

Al evaluar el recurso presentado, concluimos que las decisiones de no proveer una prensa de planchado recae dentro del ámbito de discreción del Departamento de Corrección, a quien

corresponde evaluar y determinar las necesidades operativas de la institución.

En nuestra función revisora, es fundamental reconocer la especialización, experiencia y discreción que poseen las agencias administrativas para tomar decisiones basadas en los recursos disponibles y las políticas institucionales. La discreción del Departamento de Corrección, al amparo de su ley orgánica y de sus reglamentos, se presume válida en la medida en que no conflija o vulnere algún derecho constitucional del confinado.

No encontramos indicios de que el Departamento de Corrección haya actuado de manera arbitraria, ilegal, irrazonable o fuera de los límites de los poderes que le fueron delegados, por lo que debemos confirmar el dictamen recurrido, otorgando deferencia a la agencia en la administración de sus recursos y en la toma de decisiones que impactan su funcionamiento interno.

**IV.**

Por los fundamentos expuestos, se confirman las determinaciones recurridas.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

El Juez Candelaria Rosa disiente con la siguiente expresión:

"Reiteradamente he resuelto que, en el ordenamiento del Departamento de Corrección y Rehabilitación, la determinación administrativa final susceptible de revisión administrativa es la Resolución de Reconsideración fundamentada que emite el Coordinador Regional en respuesta a la reconsideración que le presenta el miembro de la población correccional, con lo cual, una denegatoria de plano de tal reconsideración no constituye la determinación final que nos confiere jurisdicción. Véase S*teven Sanabria Ojeda v. Departamento de Corrección y Rehabilitación;* KLRA202300176; *Quiñonez Rivera v. Departamento de Corrección y*

*Rehabilitación,* KLRA202200140; *Rivera Díaz v. Departamento de Corrección y Rehabilitación,* KLAN202000654; *Arbelo Rosario v. Departamento de Corrección y Rehabilitación,* KLRA201900567; *Martell Banch v. Departamento de Corrección y Rehabilitación,* KLRA201800161; *Toro León v. Departamento de Corrección y Rehabilitación,* KLRA201800150; *Pueblo v. González Collazo,* KLCE201701871 (acogido como revisión administrativa); *Serrano Casanova v. Departamento de Corrección y Rehabilitación,* KLRA201700588*; González Feliciano v. Departamento de Corrección y Rehabilitación,* KLRA201600823*; Vega Feliciano v. Departamento de Corrección y Rehabilitación,* KLRA201600453*; González Rivera v. Departamento de Corrección y Rehabilitación,* KLRA201600056.

Por tanto, en la medida en que en el presente caso meramente se denegó de plano la reconsideración y no se articuló una Resolución de Reconsideración fundamentada por parte del Coordinador, no existe una determinación administrativa final susceptible de ser revisada, por lo cual carecemos de jurisdicción para entender en el presente recurso. En consecuencia, disiento."

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones